# CIRCUIT COURT OF FAIRFAX COUNTY

Jason V. Torres

v.

Walter D. Dixon et al.

October 27, 2006

Case No. CL 2006-6441

BY JUDGE RANDY I. BELLOWS

The present matter before the Court is the determination of the amount of the nonresident bond which should be imposed on the plaintiff according to Va. Code Ann. § 17.1-607 (2006). The Court has received the parties' supplemental memoranda of law and supporting documentation provided. Upon careful reflection, the Court is now prepared to decide the issue of the amount of the nonresident bond which shall be imposed on the plaintiff.

### Background

The defendants' instant motion to impose the nonresident bond requirement comes in connection with a medical malpractice suit. Mr. Torres instituted the present action against the defendants charging the defendants with negligence.

Mrs. Torres, the plaintiff's deceased wife, was fourteen weeks pregnant when Mr. Torres took her to an emergency room in Alexandria, Virginia, on May 6, 2005. The plaintiff alleges that Mrs. Torres was nauseated, dizzy, confused, and intermittently unresponsive. The emergency room kept her overnight and then discharged her pursuant to the defendants' orders. Plaintiff alleges that this decision constituted medical malpractice because, on May 7,

2005, Mrs. Torres went into a coma and was then admitted to a hospital for a brain hemorrhage. The incident left her permanently comatose. Between May 7, 2005, and August 2, 2005, Mrs. Torres was kept alive in order to permit their child to mature in the womb. The child was born on August 2, 2005, and Mrs. Torres died the next day. On September 12, 2005, the Torres' child died from complications caused by her premature birth.

Mr. Torres filed two claims against the defendants, one on behalf of his deceased wife and the other on behalf of his deceased child. On September 15, 2006, Judge Alden of this Court sustained the defendants' demurrer in Mr. Torres' claim on behalf of his child. Mr. Torres' claim on behalf of his wife continues and is before this Court.

The defendants filed a motion requesting the Court to declare the plaintiff a nonresident and to impose a bond requirement for nonresident plaintiffs in the amount of $15,000. The plaintiff responded to the defendants' motion to impose a $15,000 nonresident bond by declaring the defendants' proposed amount of the bond unreasonable.

On September 15, 2006, the Court heard oral argument on the defendants' instant motion. The Court took the defendants' motion under advisement to determine two issues. First, whether the defendants' proposed bond amount of $15,000 was reasonable and supported by case law. Second, if the proposed $15,000 bond was reasonable in light of case law, whether the nonresident bond requirement was unconstitutional. Thus, the precise issue currently before the Court is the determination of the amount of the nonresident bond. The plaintiff argues that the bond should be $150, while the defendants believe the bond should be $15,000.

*Analysis*

Va. Code Ann. § 17.1-607 (2006) clearly requires nonresident plaintiffs to post a bond or security when pursuing litigation in Virginia courts. The statute states that a nonresident plaintiff's suit shall be dismissed if the nonresident plaintiff does not post a bond "for the payment of the costs and damages in the court in which the suit or action is instituted which may be awarded to the defendant, and of the fees due, or to become due. . . ." Va. Code Ann. § 17.1-607. The statute does not, however, provide clear guidance on the issue of what the amount of the bond should be. The statute simply states that the bond should be comparable to the amount of costs and damages and fees associated with the suit and incurred by the defendant.

Further, there is little case law which addresses this issue. The only controlling case which the Court deems relevant to the instant matter is *Advanced Marine Enter., Inc. v. PRC, Inc.*, 256 Va. 126 (1998). In *PRC*, the Supreme Court evaluated the issue of whether a post-judgment award should include costs associated with expert witnesses. The *PRC* Court decided not to include expert witness costs in a post-judgment award. The Court's rationale was that the award should be "limited to those costs essential for prosecution of the suit, such as filing fees or charges for service of process." *Id.* at 160.

In light of the rationale articulated in *PRC*, the amount of the nonresident bond imposed on the plaintiff will include the costs essential for the prosecution of this suit, namely, any filing fees and fees incurred for service of process.

The Court specifically rejects the defendants' assertion that the nonresident bond should include the following fees the defendants anticipate to incur: deposition transcript fees, costs associated with de bene esse depositions, expert witness fees and costs associated with expert witness review of medical records and depositions, costs associated with retaining a local attorney in Texas to pursue witness subpoenas and depositions of witnesses residing in Texas.

Consequently, the Court has decided that the specific amount of the nonresident bond which shall be imposed on the plaintiff is $318. The Court arrives at this figure based on the anticipated costs associated with filing and service of process as submitted by the plaintiff.

The Court's determination today is not intended to express an opinion on possible future post-judgment awards given to the prevailing party.

## *Order*

This matter comes before the Court on the Defendants' motion for the imposition on the plaintiff of a nonresident bond according to Va. Code Ann. § 17.1-607 (2006). For the reasons stated in an accompanying Letter Opinion, this Court grants the defendants' motion and determines that the nonresident bond imposed on the plaintiff shall be in the amount of $318. This case is continued.